**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

NAN LIN,

     Petitioner,

v.

                              Case No. 1:26-cv-01216-MIS-JFR

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
TODD M. LYONS; Acting Director of
Immigration and Customs Enforcement;
DAVID EASTERWOOD, Field Office
Director of Enforcement and Removal
Operations, Minneapolis-St. Paul Field
Office, Immigration and Customs
Enforcement; MARY DE ANDA-YBARRA,
Field Office Director of Enforcement and
Removal Operations, El Paso Field Office,
Immigration and Customs Enforcement; and
WARDEN, Otero County Processing Center,

     Respondents,

## ORDER TO SHOW CAUSE AND ENJOINING TRANSFER

This matter is before the Court on the Verified Petition for Writ of Habeas ("Petition"),

filed by Nan Lin on March 23, 2026. ECF No. 2. Petitioner is an immigration detainee at the Otero

County Detention Center. Petitioner's Reply at 2, ECF No. 9. Petitioner is a citizen of China who

entered the United States on or about December 3, 2023. See Pet. ¶ 33, ECF No. 2. Petitioner filed

an application for asylum and received a valid work permit. Id. ¶¶ 34-35. He has not missed an

immigration court hearing and does not have a criminal history in the United States or elsewhere.

Id. ¶ 35. Petitioner was detained on December 19, 2025. Id. ¶ 36.  Petitioner is being held under

8 U.S.C. § 1225(b). Id. ¶ 29. Petitioner was initially detained in Minnesota before being transferred

to the Otero County Processing Center in New Mexico where he remains in detention. Id. ¶ 38.

This case was initially filed in Minnesota before being transferred to the District of New Mexico.

ECF Nos. 10-12.

Petitioner seeks an order for immediate release and an order from the District of Minnesota Court requiring transfer back to Minnesota and prohibiting transfer out of Minnesota. Pet. at 22, ECF No. 2. As the transfer issue has been fully briefed and decided, see ECF Nos. 6, 7, 9-11, the Court interprets the latter as a request for an order ensuring the Court retains jurisdiction; in this case an order to enjoin transfer out of the District of New Mexico.

Having reviewed the record, the Petition may raise a colorable claim for relief. The Clerk's Office served Respondents with the Petition and added them as notice-recipients via CM/ECF, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 2 (D.N.M. Jan. 28, 2026). ECF No. 13.

Within ten (10) business days of entry of this Order, the United States Attorney's Office ("USAO") shall respond to the Petition and show cause why the requested relief should not be granted. The USAO's answer MUST specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings. See, e.g., Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (finding that 8 U.S.C. § 1226(a) governed the petitioner's detention and that his continued detention violated his Fifth Amendment due process rights); Khan v. Sec'y of Dep't of Homeland Sec., Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190 (D.N.M. Mar. 19, 2026) (granting habeas relief to petitioner where the presumptively reasonable six-month-period of confinement had expired and the respondents failed to rebut the petitioner's showing that there was good reason to believe that there was no significant likelihood of removal in the reasonably foreseeable future). **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

**IT IS FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico and/or from removing him from the United States during the pendency of this habeas action, absent a final order of removal.

_Margaret Strickland_

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE