**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NAN LIN,

    Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
TODD M. LYONS; Acting Director of
Immigration and Customs Enforcement;
DAVID EASTERWOOD, Field Office
Director of Enforcement and Removal
Operations, Minneapolis-St. Paul Field
Office, Immigration and Customs
Enforcement; MARY DE ANDA-YBARRA,
Field Office Director of Enforcement and
Removal Operations, El Paso Field Office,
Immigration and Customs Enforcement; and
WARDEN, Otero County Processing Center,

    Respondents,

                                 Case No. 1:26-cv-01216-MIS-JFR

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

**THIS MATTER** is before the Court on Petitioner Nan Lin's Motion for Attorney Fees ("Motion") under Equal Access to Justice Act (EAJA), ECF No. 20, filed May 20, 2026. Respondents Markwayne Mullin, Todd M. Lyons, David Easterwood, and Mary De Anda-Ybarra ("Respondents"), filed a Response on June 2, 2026. ECF No. 21. Petitioner filed a Reply the same day. ECF No. 22.

## I. Legal Standard

The EAJA authorizes a judgment for attorney's fees and costs to the prevailing party "in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28

U.S.C. § 2412(d)(1)(A). To obtain an award, the party must meet five conditions: (1) the fee application must be submitted within 30 days of final judgment in the action and be supported by an itemized statement; (2) the applicant's net worth, if an individual, must not exceed $2,000,000 at the time the action was filed; (3) the applicant must have been the "prevailing party" in an action brought by or against the United States; (4) the Government's position must not have been "substantially justified;" and (5) there cannot exist any special circumstances that would make an award unjust. § 2412(d); see also Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007); WHR Grp., Inc. v. United States, 121 Fed. Cl. 673, 676 (2015). The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." Daley v. Ceja, 158 F.4th 1152, 1166 (10th Cir. 2025).

In a motion for EAJA fees and costs, the petitioner bears the burden of proving that they are the prevailing party and eligible to receive an award. 28 U.S.C. § 2412(d)(1)(B); Scarborough v. Principi, 541 U.S. 401, 414 (2004). The burden then shifts to the Government to demonstrate that its position was substantially justified or that special circumstances make an award unjust. See Hackett, 475 F.3d at 1170; Ericksson v. Comm'r of Soc. Sec., 557 F.3d 79, 81-82 (2d Cir. 2009).

The Government does not need to establish that it was "justified to a high degree;" instead, it must show that it was "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citations omitted). "[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."). Id. at 566 n.2. A "genuine dispute" or "if reasonable people could differ" about the appropriateness of the Government's positions satisfies this

2

standard. Id. at 565. Even if incorrect, the Government's position can be substantially justified. Hackett, 475 F.3d at 1172. Both the Government's prelitigation conduct and its litigating position must be substantially justified. See id. at 1174.

## II. Discussion

Petitioner argues that attorney's fees are justified because (1) the application was timely filed, Mot. at 11-12, ECF No. 20, (2) Petitioner's net worth is less than $2,000,000, id. at 12, (3) Petitioner prevailed when his Petition was granted, id. at 3-4, (4) Respondents' position is not substantially justified because "[t]he [G]overnment cannot demonstrate its actions in re-detaining Petitioner without a bond hearing or its position during litigation were substantially justified," id. at 5-11, and (5) there are no special circumstances because "[t]he [G]overnment did not advance in good faith novel but credible extensions and interpretations of law and there are no equitable considerations dictating an award not be made," id. at 11.

Respondents argue that their position was substantially justified, pointing to district and circuit courts which have found their interpretation of § 1225 "the lawful and correct approach." Resp. at 3, ECF No. 21. Respondents also argue special circumstances render an EAJA award unjust because agency level actions are bound by the BIA decision Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 217 (BIA 2025), and the Government cannot be penalized for following for following binding BIA precedent. Id. at 4-5. Respondents do not contest that Petitioner's application is timely, that Petitioner's net worth is less than $2,000,000, that Petitioner prevailed when his Petition was granted, or the amount of fees sought. See generally id. at 1-6.

Petitioner replies that the "Court does not need to reach the question of whether the Government was substantially justified as to its legal position" because "[t]he Government ignores its burden to prove that the underlying action was substantially justified." Reply at 4, ECF No. 22.

Petitioner argues "Respondents fail to address Petitioner's factual allegations" about (i) "the change in agency practice" being unjustified, (ii) the lack of reasonable basis to revoke Petitioner's release on recognizance without notice or an individualized determination of his circumstances, (iii) Petitioner's arrest without a warrant, and (iv) Petitioner's mandatory detention. Id. at 4-5.

The Court finds Respondents concede that Petitioner's application was timely, his net worth is less than $2,000,000, and he prevailed when his Petition was granted.

As to substantial justification, the Court finds that Respondents did not justify their prelitigation conduct and therefore failed to meet their burden. Although Petitioner's factual claims in his Motion were limited to "[t]he [G]overnment cannot demonstrate its actions in re-detaining Petitioner without a bond hearing . . . were substantially justified," Mot. at 5, ECF No. 20, the burden remains on Respondents to justify both its legal position and its "prelitigation conduct." See Hackett, 475 F.3d at 1174 (citation omitted). Respondents failed to do so, arguing only that their legal position was substantially justified. Resp. at 2-4, ECF No. 21. The Court declines to rule on whether their legal position was substantially justified. Because Respondents entirely failed to address their prelitigation conduct, including whether the Government's actions in re-detaining Petitioner without a warrant or bond hearing were substantially justified, the Court finds that they have not met their burden. See also Makarenko v. Mullin, No. 1:26-CV-00225-MIS-GBW, 2026 WL 1396528, at *4 (D.N.M. May 19, 2026); Tiapa Moreno v. Castro, No. 2:26-CV-00273-MIS-DLM, 2026 WL 1396588, at *6 (D.N.M. May 19, 2026); Aguilar v. Blanche, No. 1:25-CV-00996-KWR-KK, 2026 WL 1078966, at *3 (D.N.M. Apr. 21, 2026).

As to whether there are special circumstances preventing an award of attorney fees, the Court finds there are not. Respondents argue the special circumstances are that they are bound by Hurtado and therefore should not have to pay attorney fees for required actions. Resp. at 5, ECF

4

No. 22. That is nonsense. The Attorney General has broad authority to review de novo BIA decisions and therefore the Government is only "bound" because it wishes to be. Aguilar, 2026 WL 1078966, at *4 (D.N.M. Apr. 21, 2026) ("The Court rejects the Government's attempt to cast the individual respondents as anything less than the leaders of their respective agencies, departments, and institutions."). The Court finds that there are no "special circumstances" that justify withholding an otherwise equitable award. See also Tiapa Moreno, 2026 WL 1396588, at *6; Makarenko, 2026 WL 1396528, at *5.

For the reasons above, the Court grants Petitioner's Motion for Attorney Fees.

Petitioner requests $7,558.62 in attorney fees for twenty-four hours of work performed by Attorney Bryan, seven hours of paralegal work, and costs. Mot. at 12, ECF No. 20. Respondents do not challenge the amount of fees requested by Petitioner. See generally Resp., ECF No. 21. The Court therefore awards the full amount requested. Makarenko, 2026 WL 1396528, at *5.

III. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner Nan Lin's Motion for Attorneys' Fees Pursuant to the EAJA, ECF No. 20, is **GRANTED**; and

2.    Petitioner shall have and receive from Respondents the amount of $7,558.62, for which sum let execution issue.[1]

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[1]    The fees will be paid to Petitioner but delivered to Petitioner's attorneys. See Astrue v. Ratliff, 560 U.S. 586, 595-98 (2010); Manning v. Astrue, 510 F.3d 1246, 1250-55 (10th Cir. 2007).